UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| KEVCON, INC. | ) USCFC No. |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge 12-394 C |
| | ) |
| UNITED STATES, | ) |
| | ) COMPLAINT FOR DECLARATORY |
| Defendant. | ) JUDGMENT AND INJUNCTIVE RELIEF; |
| | ) **(BID PROTEST)** |

1. Pursuant to 15 U.S.C. § 637(b)(7)(A), and 28 U.S.C. § 1491(b)(1) the United States Court of Federal Claims has jurisdiction over this matter. In accordance with Appendix C of the RUSCFC, Plaintiff provided notice of this bid protest by facsimile to the Department of Justice on June 18, 2012, the Clerk of the USCFC on June 18, 2012, electronically to the Contracting Officer on June 18, 2012, and via overnight delivery to the United States Small Business Administration. *Attachment A.* (All Attachments referenced herein are attached to the accompanying request for a temporary restraining order/preliminary injunction.)

2. The SOLICITATION being protested is the United States Department of Veterans Affairs, Solicitation No. VA-262-11-R-0397 ("SOLICITATION"), Renovate Building 1 First Floor Volunteer and Patient Services, Phase 2 and 3, located at VA San Diego Health Care System, 3350 La Jolla Village Drive, San Diego, CA 92161(the "PROJECT"). The SOLICITATION was amended four times. Proposals in response to the SOLICITATION were to be submitted to the DVA no later than April 27, 2012. *Attachment B.*

3. Plaintiff, Kevcon, Inc. ("Plaintiff" or "KEVCON") timely submitted a Proposal in the approximate amount of $1,455,000.00, in response to the SOLICITATION and was the apparent lowest responsive, responsible bidder.

4.  KEVCON, is, and at all times herein mentioned was, a properly constituted and verified service-disabled veteran owned small business ("SDVOSB") and existing under the laws of the United States. According to numerous contracting officers, KEVCON is an excellent SDVOSB, who has received many awards for excellence and outstanding achievement and many outstanding or highly satisfactory performance ratings. *Attachment C.* (See also *Attachment E, section 1.2* and *Attachment G.*)

5.  Inexplicably, in spite of KEVCON's highly satisfactory and outstanding performance and unbridled success in completing government projects, including many DVA projects, the DVA referred KEVCON ("SBA NOTICE") to the Small Business Administration ("SBA") for a Certificate of Competency ("COC") based upon a "marginal" performance rating on a ARMY project at Fort Hood, Texas ("Fort Hood Project"). *Attachment D.*

6.  KEVCON timely filed its application for a COC on May 22, 2012 ("APPLICATION FOR COC"). *Attachment E.* The APPLICATION FOR COC advised the SBA, inter alia, that liquidated damages were assessed on the Fort Hood Project based upon a clerical error made by KEVCON. KEVCON explained that it received a Notice of Award for the Fort Hood Project but did not realize the Notice of Award was also a Notice to Proceed. Based upon this error KEVCON mobilized to the Fort Hood project 40 days late, yet was able to make up 20 calendar days, and was therefore assessed liquidated damages for only 20 days. *Attachment E.* The APPLICATION FOR COC further advised the SBA that KEVCON had successfully completed over 150 projects with numerous state and federal agencies which have varied in size from $25,000,000.00 to $15,000.00 (*Attachment E, section 1.2*) and that the Fort Hood project is the only time KEVCON has been assessed liquidated damages. *Attachment E.* Additionally, KEVCON's COC APPLICATION provided a rebuttal to the initial Fort Hood PPIRS evaluation. *Attachment E.*

7.  On May 23, 2012, Cynthia Stiles of the SBA sent an e-mail to KEVCON requesting information regarding marginal and unsatisfactory evaluations associated with a project at Fort Hood, Texas on which KEVCON was the prime contractor. *Attachment F.*

8. By letter dated May 24, 2012, KEVCON responded to Cynthia Stiles e-mail of May 23, 2012, explaining that the marginal and unsatisfactory evaluations were not reasonable and not warranted ("KEVCON's SECOND RESPONSE"). *Attachment G.* In KEVCON's SECOND RESPONSE KEVCON again acknowledge that its failure to proceed in a timely manner was a result KEVCON's President's failure to recognize at the time he signed the Notice of Award, that the Notice of Award was also a Notice to Proceed and that KEVCON would not allow a similar incident to occur again. *Attachment G.* KEVCON's SECOND RESPONSE further advised the SBA that the Department of the Army would not cooperate with KEVCON regarding KEVCON's performance evaluation on the Fort Hood project. *Attachment G.*

9. By letter dated June 5, 2012 (received by KEVCON on June 7, 2012) the SBA violated its own regulations and abused its discretion in denying KEVCON a COC based upon an 1) an "interim performance" rating on a DVA project at the VAMC, Waco, Texas which was not even the project at issue in the original referral, and is not of the size, scope, and complexity contemplated by the SOLICITATION; and 2) a Department of the Army contract at Fort Hood, Texas, which is not a DVA project of the size and scope contemplated by the SOLICITATION. *Attachment H.* KEVCON had responded to the Fort Hood issue in some considerable detail on December 30, 2011 (*Attachment G, Tab D*) and in its letter to Ms. Stiles of May 24, 2012 (*Attachment F*). Apparently the SBA ignored KEVCON's responses and the seven (7) excellent past performance ratings already provided to the SBA focusing on, in substantial part a May 18, 2012, email from the CO at Waco, Texas which the SBA did not reference as an issue during the COC referral process.

10. The SBA is supposedly the advocate of small business as is summarized on the SBA's website explaining the SBA's COC process. *Attachment I.* However, it became very clear from the first communications with Ms. Stiles that nothing KEVCON would submit would convince her to issue a favorable recommendation on KEVCON. The SBA was to make a determination of KEVCON's ability to perform the SOLCITIATION, including an analysis of "capacity, credit, integrity, and perseverance".

11. In denying KEVCON a COC the SBA, ignored its own regulations and abused its discretion by simply ignoring the entirety of a four inch thick APPLICATION FOR COC and numerous subsequent amendments to KEVCON's APPLICATION FOR COC. Ms. Cynthia Stiles, the SBA "Industrial Specialist" processing KEVCON's COC package created substantial confusion by being "off site" during the COC review process and not reviewing KEVCON's COC material. *Attachment J.* The responses (*Attachment G*) she claims not to have received were in her office on May 25, 2012. As of May 29, 2012 Ms. Stiles had still not returned to her office and in fact did not do so until May 30, 2012. Note that Ms. Stiles first apologizes for her failure to receive and review KEVCON's material and then comments that the supplemental material is "an excellent letter". The confusion created by Ms. Stiles did not start or end with *Attachment J.* The full record will show that there were numerous instances where Ms. Stiles would complain of not receiving documents only to realize the original APPLICATION FOR COC package or KEVCON's SECOND RESPONSE contained the document she requested.

12. Further, the SBA makes great impact of a May 18, 2012, email from Ms. Joyce Mills to KEVCON. *Attachment K.* KEVCON was never asked by Ms. Stiles to comment on or rebut the May 18, 2012 email. Of even greater concern is that by May 29, 2012, Ms. Stiles was in possession of a substantial rebuttal to the DVA Waco, Texas issues but failed to consider the KEVCON rebuttal. *Attachment L.* Further, via e-mails dated Monday, May 21, 2012, KEVCON advised Ms. Mills as to the reason the concrete lids to the Steam Lines were not uniformly laid and secured. *Attachment M.* The SBA did not consider the true facts of the situation—the DVA specifications for the lids were defective. KEVCON advised that because the specifications provided by the DVA did not match the concrete lids that were actually needed, KEVCON had to order additional lids. The photographs of the lids seen by Ms. Mills were lids which KEVCON placed in order to prevent rain from entering the trenches while KEVCON was waiting for lids which fit the actual specifications needed by the project. Apparently, Ms. Mills chose not to send the SBA, KEVCON's response to her May 18, 2012, e-mail.

13. There is no doubt that the Waco, Texas Phase I&II DVA Steam & Condensate project is a difficult underground utility replacement project. The project plans and specifications were grossly defective—resulting in a termination for convenience of the project at 30% of completion. See *Attachment L* for a detailed explanation of the issues associated with the Phase I&II Steam and Condensate Line Replacement Project.

14. Immediately upon receipt of the SBA's letter of June 5, 2012, KEVCON submitted a letter to the DVA objecting to the denial of the COC and providing the DVA substantial rebuttal justification to the SBA's COC denial and providing numerous awards and performance ratings. *Attachment N.*

15. By letter dated June 12, 2102 the DVA rejected KEVCON's bid based upon the 1.) the denial of the COC and, 2.) an alleged technical rating issue ("DVA REJECTION"). *Attachment O.*

16. KEVCON protests the DVA's decision to reject KEVCON's bid as an abuse of discretion, a violation of procurement regulations, failure to properly interpret the requirements of the SOLICTATION.

17. Contained within the SBA NOTICE is a Contractor Officer's Determination of Findings of Non-Responsibility ("CO FINDINGS"). The CO FINDINGS refer to the Fort Hood Project and state, inter alia, "An overall rating of Marginal is given because liquidated damages have been assessed and guidance provided by the regulations supporting CCASS does not allow higher than a Marginal Rating when liquidated damages are assessed." *Attachment D.* **THE FORT HOOD PROJECT WAS A DEPARTMENT OF THE ARMY CONTRACT NOT A DVA CONTRACT OF SIMILAR SIZE, SCOPE, AND COMPLEXITY.** The project description of the Fort Hood Project is "Renovate Command HQ Building 21010, Mission and Installation Contracting CMD, MICC-Fort Hood, 761st Tank Battalion Ave., Building 1001, Room W103, Fort Hood, TX 76544 and was not similar in size or scope to the SOLICITATION. *Attachment P & B.*

18. The relevant portions of the Technical Selection Criteria of the SOLICITATION (*Attachment B*) state, inter alia,:

5

Evaluation Factor # 1: Prime Contractor's Project Experience.

Prime contractor must demonstrate knowledge and experience performing construction activities in a functioning, operating Veteran's Affairs or other hospital/clinic environment by providing information for three (3) projects completed within the preceding five (5) years similar in size, scope, design, construction, duration, and complexity to this project. Offeror shall demonstrate how characteristics of each of their projects relate to the characteristics of this project.

Evaluation Factor # 5: Past Performance:

Offerors are required to demonstrate recent (within the last five years), successful performance under contracts (ongoing or completed) which are similar in scope, magnitude, and complexity to the subject requirement providing three (3) projects completed within the preceding five (5) years.

Offeror Past Performance – The offeror's response to this factor will be evaluated as to its relevance and similarity to work under this project.

All relevant facts and circumstances gathered from... other sources of information available to the Government... will be used to evaluate the offeror's overall past performance and quality of performance.

*Attachment B, p. 12-14.*

19. KEVCON properly submitted information in response to Evaluation Factors #'s 1 and 5, including three projects of similar, size and scope in a hospital environment. *Attachment Q.*

20. KEVCON's COC APPLICATION as well as KEVCON's SECOND RESPONSE provided the SBA with a substantial number of positive performance ratings, awards for excellence, and approximately 150 references, yet the SBA apparently chose to discount all of this and focus solely on two projects—actually the substantial focus was on the May 18, 2012 email from the DVA at Waco, Texas. *Attachment E, section 1.2, 1.3* and *Attachment G*. Moreover as required by FAR 9.104-3(b) (*Attachment R*) the SBA was required

to consider whether the circumstances were beyond the KEVCON's control and whether KEVCON took appropriate corrective action, clearly the SBA failed to consider these two factors.

21. This court's review of an agency's decision regarding a contractual solicitation or award must be in accord with standards set forth in the Administrative Procedure Act, 5 U.S.C. § 706. Asia Pacific v. U.S, 68 Fed. Cl. 8, 19 (2005); ViroMed Laboratories v. U.S., 62 Fed. Cl. 206, 211 (2004); see also 28 U.S.C. § 1491(b)(4) ("In any action under this [bid protest] subsection, the courts shall review the agency's decision pursuant to the standards set forth in section 706 of title 5."); Bannum v. U.S., 404 F.3d 1346, 1351(2005) (stating that "the trial court [first] determines whether ... the government's conduct fails the APA review under 5 U.S.C. § 706(2)(A)"). Accordingly, the court must determine whether the contracting agency's action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." See 5 U.S.C. § 706(2)(A) (2000); Bannum, 404 F.3d at 1351; Advanced Data Concepts, Inc. v. United States, 216 F.3d 1054, 1057 (Fed.Cir.2000). Plaintiff bears the burden of proving the arbitrary and capricious nature of the agency action, by a preponderance of the evidence. See Grumman Data Sys. Corp. v. Dalton, 88 F.3d 990, 995 (Fed.Cir.1996); Hunt Building v. U.S., 61 Fed. Cl. 243, 269 (2004). "Under an arbitrary or capricious standard, the reviewing court should not substitute its judgment for that of the agency, but should review the basis for the agency decision to determine if it was legally permissible, reasonable, and supported by the facts." ViroMed Laboratories, 62 Fed. Cl. at 212 (citing Motor Vehicle Mfrs. Ass'n of the United States v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983)). The court should overturn the challenged decision only if "(1) the procurement official's decision lacked a rational basis; or (2) the procurement procedure involved a violation of regulation or procedure.' " Banknote Corp. of Am. v. United States, 365 F.3d 1345, 1351 (Fed.Cir.2004); Asia Pacific, 68 Fed. Cl. at 19 (both quoting Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1332 (Fed.Cir.2001)); see also Hunt Building, 61 Fed. Cl. at 269.

22. KEVCON challenges the SBA decision on the grounds that the SBA's action was arbitrary, capricious, an abuse of discretion and lacked a rational basis, as well as the fact

that the SBA violated a regulation or procedure.

23. The test for the reviewing court under the rational basis standard is whether the contracting agency provided a coherent and reasonable explanation of its exercise of discretion. CSE Construction Co., Inc. v. U.S., 58 Fed.Cl. 230, 244 (2003). Where a challenge is brought on the grounds that an agency violated a regulation or procedure the violation must be a clear and prejudicial violation of the applicable statute or regulations. See CSE Construction Co., Inc., 58 Fed.Cl. 230, 243.

24. A plaintiff contesting the award of a federal contract must establish that it is an "interested party" to have standing under 28 U.S.C. § 1491(b). See Myers Investigative & Sec. Servs., Inc. v. United States, 275 F.3d 1366, 1369 (Fed. Cir. 2002). "Interested party" is synonymous with the definition of "interested party" provided in the Competition in Contracting Act. See Rex Serv. Corp. v. United States, 448 F.3d 1305, 1307 (Fed. Cir. 2006). In order to be an "interested party" KEVCON must establish that: "1) it was an actual or prospective bidder or offeror, and (2) it had a direct economic interest in the procurement or proposed procurement." Distributed Solutions, Inc. v. United States, 539 F.3d 1340, 1344 (Fed. Cir. 2008). Additionally, a protestor must show that the alleged errors in the procurement were prejudicial. See Labatt Food Serv., Inc. v. United States, 577 F.3d 1375, 1378 (Fed. Cir. 2009).

25. KEVCON submitted an offer in response to the SOLICITATION and is therefore an actual bidder. 4 C.F.R. § 21.0(a)(1).

26. KEVCON has a direct economic interest. KEVCON is a properly constituted SDVOSB who submitted the lowest responsible offer. Accordingly, should KEVCON receive a COC for the project it will receive the award for the SOLICITATION.

27. KEVCON is the apparent lowest responsible offeror and will be awarded a contract on the SOLICITATION if it receives a COC for the project. Moreover, the failure of the SBA to consider the vast number of positive past performances on similar DVA projects and instead focusing on two unsubstantiated negative performance reviews, one of which is not DVA projects is error, accordingly, KEVCON is an interested party.

28. "The head of an agency shall evaluate sealed bids and competitive proposals and make an award based solely on the factors specified in the solicitation." Gulf Group, Inc. v. United States, 56 Fed.Cl. 391, 397 (2003). "This rule applies with equal force to SBA competency determinations, not only because of the legislative intent to bind COC determinations to the same "criteria presently used by procurement officers," but also because of the nature of the COC program itself. The issuance of a COC reflects the SBA's determination that a small business concern is responsible to perform a specific government contract." CSE Construction Co., Inc., 58 Fed.Cl. 230, 251. "Given the contract-specific nature of the COC program, it is both necessary and proper for the SBA to evaluate COC applications according to the criteria set out in the solicitation at issue." CSE Construction Co., Inc., 58 Fed.Cl. 230, 251.

29. In addition to this Complaint challenging the SBA's denial of a COC to KEVCON this is a bid protest of the DVA's denial of KEVCON's Proposal as being technically unacceptable. *Attachment H.* KEVCON challenges the denial of KEVCON's Proposal as arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and further that DVA violated a statute or regulation in evaluating KEVCON's Proposal.

30. The court's review of an agency's "evaluations of an offeror's technical proposal and past performance should be limited to determining whether the evaluation was reasonable, consistent with the stated evaluation criteria and complied with relevant statutory and regulatory requirements." CSE Construction Co., Inc., 58 Fed.Cl. 230, 251.

### FIRST CAUSE OF ACTION

31. The DVA should not have rejected KEVCON's offer for being denied a COC because as set forth above the SBA's denial of a COC was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and violated statutes and regulations.

32. FAR 9.104–3(b) charges agency evaluators to "consider the number of contracts involved and the extent of deficient performance in each contract" when making responsibility determinations. CSE Construction Co., Inc., 58 Fed.Cl. 230, 253. The nature and extent of the FAR requirement is informed by the terms of the solicitation. See Id.

33. Here, the SOLICITATION states, inter alia, "Offerors are required to demonstrate recent (within the last five years), successful performance under contracts (ongoing or completed) which are similar in scope, magnitude, and complexity to the subject requirement... ."; "The offeror's response to this factor will be evaluated as to its relevance and similarity to work under this project."; and "All relevant facts and circumstances gathered from... other sources of information available to the Government... will be used to evaluate the offeror's overall past performance and quality of performance." *Attachment B.* Moreover, with respect to Project Experience the SOLICITATION provides that an offeror must demonstrate its ability to perform at a functioning hospital, as well as demonstrating that the referenced projects were similar in size, scope, design, construction, duration, and complexity to this project." *Attachment B.*

34. In light of the criteria stated in the SOLICITATION, the SBA was required to evaluate the significance of the two "less than favorable" references within the context of the plaintiff's overall work record. (e.g. See <u>CSE Construction Co., Inc., 58 Fed.Cl. 230, 253</u>.)

35. Here, the SBA made no effort to conduct a more comprehensive and contextual evaluation of KEVCON's past performance references as contemplated in FAR 9.104–3(b) and the SOLICITATION. The SBA's cursory inquiry into the plaintiff's past performance was not sufficient to satisfy either FAR 9.104–3(b) or the requirements of the SOLICITATION. FAR 9.104–3(b) and the terms of the SOLICITATION required the SBA to do more than simply note that on one of KEVCON's projects KEVCON obtained a "marginal" review and that on another a contracting officer who is uninformed and located sixty miles from the project site is unsatisfied with KEVCON's current performance. Part of the SBA's duty in evaluating KEVCON's past performance was to consider "recent (within the last five years), successful performance under contracts (ongoing or completed) which are similar in scope, magnitude, and complexity to the subject requirement... ."; which "will be evaluated as to its relevance and similarity to work under this project."; and "All relevant facts and circumstances gathered from... other sources of information available to the Government... will be used to evaluate the offeror's overall past performance and quality of performance." Because the SBA failed to

perform a comprehensive past performance analysis required by the FAR and the SOLICITATION the SBA has violated a statute and regulation. CSE Construction Co., Inc., 58 Fed.Cl. 230, 253.

36. The SBA's duties under FAR 9.104–3, provides that "[a] prospective contractor that is or recently has been seriously deficient in contract performance shall be presumed to be nonresponsible, unless the contracting officer determines that the circumstances were properly beyond the contractor's control, or that the contractor has taken appropriate corrective action." FAR 9.104–3 required the SBA to inquire regarding KEVCON's unfavorable past performance references, whether the problems encountered were properly beyond KEVCON's control and whether appropriate corrective action had been taken. Here, no such inquiry was made.

37. The SBA has an affirmative duty to independently evaluate a COC applicant as to all elements of responsibility following a referral, the SBA is remiss if it fails to evaluate all factors comprising a responsibility determination. CSE Construction Co., Inc., 58 Fed.Cl. 230, 257. The SBA chose to ignore the other elements of a responsibilility determination—namely capacity, credit, integrity, and perseverance—in determining KEVCON not responsible to complete the SOLICITATION. The SBA's evaluation was an abuse of discretion and of procurement regulations. *Attachments I & R*.

## SECOND CAUSE OF ACTION

38. The rejection of KEVCON's Proposal as not being technically acceptable was a departure from the requirements of the SOLICITATION and therefore the DVA's actions were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and violated statutes and regulations.

39. KEVCON protests the DVA's decision to reject KEVCON's Proposal as an abuse of discretion, a violation of procurement regulations, and failure to properly interpret the requirement of the SOLICITATION.

40. The DVA REJECTION states, inter alia, "As indicated in the Solicitation No. VA262-12-R-0397 under Evaluation Factor #5, 'Those offerors rated a Marginal or Unacceptable will receive a "Fail" rating. The rating of "Marginal" must be the product of an

aggregate summation of the evaluation of all projects evaluated.

41. As required by Evaluation Factor #5, KEVCON provided the DVA with three DVA projects of similar size, scope, and complexity. Apparently, despite the clear language of the SOLICITATION, the DVA chose to ignore these three projects and instead focus on a non-DVA project evaluation located in the PPIRS system. The project in the system is a Department of the Army project at Fort Hood Texas, it is not a DVA project and it is not of similar size, scope and complexity. The DVA must rate all offers in the aggregate and come to a conclusion as to the effect of the one project rated "Marginal" on the entirety of all projects submitted.

42. The DVA's decision to ignore three projects which are DVA projects of similar size, scope and complexity, and reject KEVCON's proposal by focusing on one non-DVA project which is not of similar size, scope and complexity is a clear departure from the SOLICITATION criteria, and the statues and regulations.

### THIRD CAUSE OF ACTION

43. The rejection of KEVCON's Proposal as not being technically acceptable was a departure from the requirements of the SOLICITATION and therefore the DVA's actions were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and violated statutes and regulations.

44. KEVCON protests the DVA's decision to reject KEVCON's Proposal as an abuse of discretion, a violation of procurement regulations, and failure to properly interpret the requirement of the SOLICITATION.

45. The DVA REJECTION states, inter alia, "As indicated in the Solicitation No. VA262-12-R-0397 under Evaluation Factor #5, 'Those offerors rated a Marginal or Unacceptable will receive a "Fail" rating.'"

46. Nowhere does the SOLICITATION state that if an entity fails Factor #5 that the entirety of the Technical Selection Criteria will be deemed unacceptable. The Technical Selection Criteria contains four other selection criteria, the DVA has made no indication that KEVCON received a fail or even a marginal rating in any of the other categories. Based upon

the criteria set forth in the SOLICITATION the DVA cannot deem KEVCON's technical proposal unacceptable based upon a failure in one category. Moreover, the DVA in reaching this conclusion totally ignored the information provided by KEVCON in its Proposal and instead relied upon a non-DVA project in the PPIRS system. It should be noted that the SOLICITATION clearly provides that performance associated with DVA projects which are similar in size and scope are much more relevant than non-DVA projects which are not similar in size, scope, and complexity.

47. The DVA's rejection of KEVCON's Proposal based upon the alleged failure of one of five technical factors and not weigh the other four factors in the Technical Selection Criteria against KEVCON's alleged "fail" (which as set forth above is error) rating in Evaluation Factor #5 is a clear departure from the terms of the SOLICITATION and the statutes and regulations.

<u>WHEREFORE PLAINTIFF RESPECTFULLY REQUESTS</u>
<u>THAT THIS COURT ISSUE A JUDGMENT:</u>

1. Declaring that the DVA's and SBA's actions were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
2. Declaring that the SBA violated a statute and regulation in evaluating KEVCON's Application for a Certificate of Competency;
3. Declaring that the DVA violated a statute and regulation in evaluating KEVCON's Technical Selection Criteria;
4. Issue a temporary restraining order/preliminary injunction mandating that the DVA not issue an award on the referenced SOLICITATION;
5. If an award has been made, issue a temporary restraining order/preliminary injunction mandating that the DVA not issue a Notice to Proceed on the referenced SOLICITATION;
6. Ordering the SBA and DVA to pay Plaintiff's costs and attorneys' fees incurred in filing and prosecuting this action; and
7. Granting such other and further relief as this Court may deem just and proper.

| | | |
|---|---|---|
| 1 | Dated: June 18, 2012 | Respectfully submitted, |
| 2 | | |
| 3 | | *[signature]* |
| 4 | | William L. Bruckner |
|   | | BRUCKNER & WALKER, LLP |
| 5 | | 4550 Kearny Villa Road, Suite 209 |
|   | | San Diego, CA 92123 |
| 6 | | (858) 565-8300 Telephone |
|   | | (858) 565-0813 Facsimile |
| 7 | | bill@brucknerwalker.com |
| 8 | | Attorneys for Kevcon, Inc. |

# BRUCKNER & WALKER
## ATTORNEYS

William L. Bruckner, PE, DVBE      4550 Kearny Villa Road, Suite 209     Telephone (858) 565-8300
Charles F. Walker     San Diego, California 92123     Telefax     (858) 565-0813
Branden L. Timboe     bill@brucknerwalker.com

June 18, 2012

**VIA ELECTRONIC TRANSMISSION**

Honorable James L. Stern
Board Judge
U.S. Civilian Board of Contract Appeals
1800 M Street, N.W., Sixth Floor
Washington, D.C. 20036

Re:     <u>CBCA No. 2727; Kepa Services Inc. v. Dept. of Veterans Affairs</u>

Dear Judge Stern:

On behalf of Appellant Kepa Services Inc., we hereby submit Appellant's Complaint in CBCA No. 2727.

Very truly yours,

Bruckner & Walker, LLP

William L. Bruckner, Esq.
Attorneys for Kepa Services Inc.

Enclosures

cc: Shaquana L. Cooper, Esq., Counsel for Dept. of Veterans Affairs
     Linda L. Shapiro, Esq., Counsel for Poettker Construction Company
     Scott F. Lane, Esq., Counsel for Poettker Construction Company

2012 JUN 19 AM 10: 59 RECEIVED THE UNITED STATES COURT OF FEDERAL CLAIMS

2

Case 1:12-cv-00394-NBF   Document 1   Filed 06/19/12   Page 16 of 16